**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Philadelphia Indemnity Insurance Company, et al., <br><br>Plaintiffs,<br><br>v.<br><br>BMW of North America LLC, et al.,<br><br>Defendants. | No. CV-13-01228-PHX-JZB<br><br>**ORDER** |

Pending before the Court are the following Motions in Limine: (1) Defendant's Motion in Limine to Exclude Testimony re Alleged Other Incidents (Doc. 112); (2) Defendant's Motion in Limine to Preclude References to Opinions of Non-Testifying Experts (Doc. 113); (3) Defendant's Motion in Limine to Exclude Opinions Contained in George Hogge's and Willie Nelsons' Rebuttal Reports (Doc. 114); (4) Defendant's Motion in Limine to Preclude Admission of and All References to Technical Service Bulletin S.I. M12 07 05 (Doc. 115); (5) Plaintiff's Motion to Exclude the Testimony of Defendant's Experts Regarding the Ryobi Drill Charger as a Competent Ignition Source (Doc. 118); and (6) Plaintiff's Motion to Exclude Argument that Plaintiff and/or its Experts Improperly Spoiled Evidence at the Fire Scene (Doc. 119).  On January 25, 2016, the Court heard argument on the parties' Motions in Limine during the Final Pretrial Conference. (Doc. 130.)  Below, the Court addresses each Motion.

**I.    Defendant's Motion to Exclude Testimony re Alleged Other Incidents**

Defendant seeks to exclude testimony by Plaintiff's expert George Hogge

1  regarding other alleged incidents of battery-cable-caused fires involving vehicles other
2  than Mini Coopers, pursuant to Rule 403 of the Federal Rules of Evidence.  (Doc. 112.)
3  Specifically, in his Report, Mr. Hogge states that "lack of secure mounting would make
4  [the] battery cable [in the Mini Cooper] susceptible to chafing against the metal
5  underbody which has been the cause of a multitude of fires in motorized equipment and
6  vehicles examined by this Engineer and documented by many others."  (Doc. 112, Ex.
7  A.)  In his deposition testimony, Mr. Hogge clarified he is aware of approximately ten
8  such incidents, none of those instances involved Mini Coopers, and he cannot recall the
9  specifics of those instances.  (Doc. 112, Ex. B.)  Plaintiff opposes the Motion and argues
10 that Mr. Hogge's testimony regarding other battery-cable-caused fires in vehicles is
11 relevant and Defendant can limit any prejudice on cross-examination.  (Doc. 123.)

The parties agree that evidence of the specifics of other incidents is admissible only to the extent those incidents occurred under substantially similar circumstances.  *See Pau v. Yosemeite Park and Curry Co.*, 928 F.2d 880, 889 (9th Cir. 1991).  Plaintiff admittedly has not provided any details regarding the vehicles or conditions involved in the other fires to which Mr. Hogge refers in his Report.  Accordingly, the Court will grant in part and deny in part Defendant's Motion.  Mr. Hogge may testify generally that an unprotected battery cable is a competent ignition source in a vehicle (an uncontested proposition), and that he has observed other instances where an unprotected battery cable caused a fire in a vehicle.  Mr. Hogge may not testify regarding the specifics of those other instances, any defects that may or may not have been present in those vehicles, or that any such defects allowed for chafing of the battery cable and caused a fire.

**II.   Defendant's Motion in Limine to Preclude References to Opinions of Non-Testifying Experts**

Defendant also seeks to exclude references by Plaintiffs' testifying experts to reports and opinions of non-testifying experts.  (Doc. 113.)  Defendant clarified at the Pretrial Conference that it seeks to exclude any testimony that Plaintiffs' experts' opinions are consistent with and bolstered by the opinions of other non-testifying experts. Plaintiffs asserted at the Conference that they intend to reference previous opinions of

non-testifying experts as consistent with the opinions of Plaintiffs' testifying experts only to the extent it is needed for rehabilitation after cross-examination—i.e., to respond to any questions by Defendant regarding a theory that Plaintiff hired their testifying experts because the opinions of the non-testifying experts were not consistent with Plaintiffs' theory of the case. Defendant stated that it does not intend to cross-examine Plaintiff's experts regarding such issues.

Experts may testify to their own opinions formed based on inadmissible materials, but they may not recite the opinions of non-expert witnesses. *See United States v. Mejia*, 545 F.3d 179, 197 (2d Cir. 2008); *Mike's Train House, Inc. v. Lionel, LLC*, 472 F.3d 398, 409 (6th Cir. 2006) (concluding that an expert's testimony about the conclusions of another non-expert is inadmissible hearsay). Here, as stated above, there appears to be no dispute that Plaintiffs' experts may testify regarding the data or evidence collected by other non-testifying experts, but that Plaintiffs' experts may not testify to the conclusions or opinions of non-testifying experts to bolster their own testimony. Accordingly, the Court will grant Defendant's Motion in Limine at Doc. 113. If, during trial, Defendant opens the door to questions regarding the opinions of non-testifying experts by its cross-examination, and Plaintiffs believe they need to rehabilitate their witness with regard to consistency with the reports of non-testifying experts, counsel may approach the Court and ask for permission to question the witness about those issues.

**III. Defendant's Motion in Limine to Exclude Opinions Contained in George Hogge's and Willie Nelsons' Rebuttal Reports**

Defendant also seeks to exclude (1) opinions by Mr. Hogge included in his Rebuttal Report regarding a defect in the battery cable of Ms. Brown's Mini Cooper; (2) Mr. Hogge's opinions regarding the design of the Ryobi cordless drill and recall associated with it; and (3) Mr. Nelson's opinions that the Mini Cooper engine compartment would burn differently from "a typical vehicle." (Doc. 114.) As an initial matter, the Court has already ruled that Mr. Hogge cannot testify that a defect in the battery cable of the Mini Cooper led to chafing and caused the fire. (*See* Doc. 103 at 23-24.) Accordingly, for the reasons stated in the Court's previous Order at Doc. 103, the

- 3 -

Court will grant Defendant's Motion in Limine and exclude the opinions in Mr. Hogge's Rebuttal Report cited by Defendant: (1) on page 6 (reference to examination of the exemplar vehicle on which Mr. Hogge claims the insulation and the supports for the battery cable failed), (2) on page 7 (reference to photographs of an exemplar Mini Cooper with allegedly failed insulation and supports); and (3) on page 9 (reference to the exemplar study).

Likewise, the Court has already ruled that Mr. Nelson may testify regarding burn patterns on the Mini Cooper. (Doc. 103 at 18-19.) Defendant does not provide any new basis to exclude Mr. Nelson's testimony. Therefore, the Court will deny Defendant's Motion with regard to Mr. Nelson's opinions.

Finally, Defendant moves to exclude Mr. Hogge's testimony regarding the cordless drill and the recall associated with it. Defendant contends that Mr. Hogge is not qualified to testify regarding the drill or his analysis of the recall notice. Defendant further contends that Mr. Hogge's opinions about the functioning of the drill are not the result of a reliable methodology because he has not tested his hypothesis regarding the circumstances under which the drill might malfunction. (Doc. 114 at 3-4.) The Court disagrees. Mr. Hogge testified that he has experience with drills and the conditions under which they may overheat. Additionally, Mr. Hogge has sufficient experience as an electrical engineer to understand whether, and under what conditions, a drill can be a competent ignition source. *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1015-16 (9th Cir. 2004) (only a "minimal foundation of knowledge, skill, and experience" is required for the admissibility of expert testimony); *United States v. Garcia*, 7 F.3d 885, 890 (9th Cir. 1993) (any lack of particularized experience or knowledge goes to the weight of the testimony rather than to its admissibility). With regard to methodology, Mr. Hogge appears to have analyzed the recall of the specific Ryobi drill model Defendant's expert identifies, in conjunction with Mr. Hogge's own review of the scene, in forming his rebuttal opinions as to whether the drill is a competent ignition source. The Court finds his methodology sufficiently reliable.

**IV. Defendant's Motion in Limine to Preclude Admission of and All References to Technical Service Bulletin S.I. M12 07 05**

Defendant seeks to preclude reference to a Technical Service Bulletin (TSB) regarding electrical issues resulting from misrouting of the wiring harness in certain Mini Coopers. (Doc. 115.) Defendant contends that even if Plaintiffs only seek to use the TSB in response to Defendant's assertion of a "state of the art" defense, or an assertion by Defendant that there have never been any known battery cable defects in Mini Coopers, the Court should prohibit Plaintiffs from referencing the TSB. More specifically, Defendant contends that the TSB relates to a different model of Mini Cooper than the Mini Cooper at issue in this case, the TSB relates to an issue with the wiring harness and not the battery cable, and the TSB relates to a manufacturing defect, not a design defect as alleged in this case.

Plaintiffs respond that the wiring harness and battery cable are related components, and Plaintiffs anticipate Mr. Hogge will testify that the misrouting of the wiring harness makes the battery cable more susceptible to chafing. Plaintiff further contends that frequently there are superficial, if any, differences between vehicle models one year apart, and Mr. Hogge submitted a declaration that the vehicles have no difference in how they get their power.

The Court does not have sufficient information regarding the expected expert testimony as to the components at issue in the TSB and Plaintiff's theory of the case for the Court to determine whether, and to what extent, the TSB is relevant. Therefore, the Court will order the parties, within **10 days** of the date of this Order, to file supplemental briefing that addresses the issues of whether, and to what extent, the TSB is relevant to this case, particularly if used in response to Defendant's assertion of the state of the art defense. Where appropriate, the parties shall cite to and provide the Court with relevant expected expert testimony and other evidence regarding these issues. The supplemental briefing of each side shall be no longer than **five pages**, excluding exhibits.

### V. Plaintiff's Motion to Exclude the Testimony of Defendant's Experts Regarding the Ryobi Drill Charger as a Competent Ignition Source

Plaintiffs seek to exclude Defendant's expert's testimony that the Ryobi drill Ms. Brown reported as destroyed in the fire was a competent cause of the fire because such testimony is unduly prejudicial under Rule 403 and inadmissible speculation under Rule 702. (Doc. 118.)  Defendant responds that it seeks to introduce expert testimony that the drill was present at the scene, was generally a competent ignition source, and was not retained by Plaintiffs, and, therefore, the true cause of the fire under NFPA 921 must be "undermined."   (Doc. 124); NFPA 921 § 19.7 (". . . the investigator should review the entire process, to ensure that all credible data are accounted for and all credible alternate cause hypotheses have been considered and eliminated.").  Based on the evidence that the drill was present at the scene (the insurance claim by Ms. Brown), and the undisputed fact that Plaintiffs did not retain the drill, the Court finds the testimony that the drill was a competent ignition source relevant and admissible.  *See* Fed. R. Evid. 401; *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1231 (9th Cir. 1998) (Alternative or opposing opinions or tests do not "preclude the admission of the expert's testimony—they go to the *weight*, not the admissibility.").  To the extent Plaintiffs seek to undercut that opinion based on the placement of the drill or other reasons why they allege the drill could not have caused the fire, they are free to do so during cross-examination.  Accordingly, the Court will deny Plaintiffs' Motion with regard to testimony that the drill was a competent ignition source.

With regard to testimony that the Ryobi drill at the scene was a specific model that employed a specific type of battery pack, both of which are subject to recalls, the Court will grant Plaintiff's Motion in Limine.  The parties confirmed at the Pretrial Conference that there is no evidence as to what specific model of drill or battery pack was present at the scene.  Therefore, there is no basis to assert that the drill or battery pack were specific models subject to recalls.  At the Conference, Defendant asserted that the recall is relevant to rebut any claim by Plaintiffs that a Ryobi drill that is not plugged in or not in

use is still a competent ignition source. The Court cannot make a 403 determination based on the facts and evidence presently before it. Therefore, the Court will prohibit any reference to the drill and battery pack at the scene being specific models subject to recalls until the facts (e.g. strength of evidence of drill/battery removal from scene, likelihood that a drill/battery at the scene was a model subject to recall, likelihood a drill/battery could have caused the fire) are developed at trial sufficient for the Court to make a 403 determination, if necessary.

**VI.  Plaintiff's Motion to Exclude Argument that Plaintiff and/or its Experts Improperly Spoiled Evidence at the Fire Scene**

As stated above, the Court will allow Defendant to submit evidence to the jury that competent ignition sources were not properly retained and, therefore, the cause of the fire cannot be determined. Therefore, the Court will deny Plaintiff's Motion as to that evidence. However, as the parties agreed at the Pretrial Conference, the Court must hear evidence at trial to determine whether Plaintiffs, as a matter of law, spoiled evidence and are subject to an adverse inference jury instruction. Therefore, the Court will deny the Motion without prejudice as to the adverse inference jury instruction.

Accordingly,

**IT IS ORDERED** that Defendant's Motion in Limine to Exclude Testimony re Alleged Other Incidents (Doc. 112) is granted in part and denied in part as provided in this Order.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Preclude References to Opinions of Non-Testifying Experts (Doc. 113) is granted as provided in this Order.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine to Exclude Opinions Contained in George Hogge's and Willie Nelson's Rebuttal Reports (Doc. 114) is granted in part and denied in part as provided in this Order.

**IT IS FURTHER ORDERED** that with regard to Defendant's Motion in Limine at Doc. 115, within **10 days** of the date of this Order, the parties shall file supplemental briefing that addresses the issues of whether, and to what extent, the TSB is relevant to

1  this case, particularly if used in response to Defendant's assertion of the state of the art
2  defense.  Where appropriate, the parties shall cite to and provide the Court with relevant
3  expected expert testimony and other evidence regarding these issues.  The supplemental
4  briefing of each side shall be no longer than **five pages**, excluding exhibits.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Exclude Testimony of Defendant's Experts Regarding the Ryobi Drill Charger as a Competent Ignition Source (Doc. 118) is granted in part and denied in part as provided in this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Exclude Argument that Plaintiff and/or its Experts Improperly Spoiled Evidence at the Fire Scene (Doc. 119) is denied as to evidence that competent ignition sources were not properly retained, and denied without prejudice as to whether Plaintiffs, as a matter of law, spoiled evidence and are subject to an adverse inference jury instruction.

Dated this 29th day of January, 2016.

Honorable John Z. Boyle
United States Magistrate Judge